UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOSUE TURCIOS-ORDONEZ
(A-Number: A-246-797-517),

        Petitioner,

    v.

WARDEN OF THE CALIFORNIA CITY
DETENTION CENTER,

        Respondent.

No.  1:26-cv-02072-KES-SKO (HC)

ORDER GRANTING MOTION FOR
PRELIMINARY INJUNCTION

Doc. 3

Before the Court is petitioner Josue Turcios-Ordonez's motion for temporary restraining order.  Doc. 3.  The Court has previously addressed the legal issues raised by the motion for temporary restraining order.  *See e.g.*, *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025); *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025).

The Court set a briefing schedule on the motion for temporary restraining order and ordered respondent to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the motion.

1

Doc. 5. The Court also ordered respondent to state his position on whether the motion should be converted to a motion for preliminary injunction and whether he requested a hearing. *Id.* Respondent "submit[s] there are no significant factual or legal issues in this case that materially distinguish it from the cases identified in the Order." Doc. 7 at 1. While respondent opposes the motion, he does not raise any new arguments. *See id.* at 1–2.[1] Respondent also does not object to converting the motion. *See id.*

As respondent has not made any new legal arguments and has not identified any factual or legal issues in this case that distinguish it from the Court's prior decisions in *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026), *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025), and *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025), the motion for temporary restraining order is converted to a motion for preliminary injunction and GRANTED, for the reasons stated in those prior orders.

The Court ORDERS that respondent release petitioner Josue Turcios-Ordonez (A-Number: A-246-797-517) immediately. If the government seeks to re-detain petitioner, it must provide no less than seven (7) days' notice to petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.

Respondent is ORDERED to provide petitioner with a copy of this Order upon his release.

The security bond requirement of Federal Rule of Civil Procedure 65(c) is waived. Courts regularly waive security in cases like this, and the government has not established a need to impose a security bond.

---

[1] Respondents also request, in the alternative, that the Court hold this case in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), which appears to concern the issue of whether § 1226(a) or § 1225(b)(2) applies to individuals who entered the country without inspection, were not apprehended by immigration authorities upon arrival, and are not subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231. *See* Doc. 7 at 2. Given the nature of the relief sought by petitioner, the Court declines to defer a ruling on petitioner's motion for preliminary relief. The magistrate judge may consider whether to hold further proceedings on the petition in abeyance.

This matter is referred to the assigned magistrate judge for further proceedings, including the preparation of findings and recommendations on the petition for writ of habeas corpus or other appropriate action.

IT IS SO ORDERED.

Dated:   March 20, 2026

_____
UNITED STATES DISTRICT JUDGE

3